UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR HOSSERIN A., Petitioner, v. PAMELA BONDI, et al., Respondents. | No. 1:26-cv-00503-TLN-SCR<br>A# 095-200-614<br>**ORDER** |

Petitioner was a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 13.) Neither party filed objections to the findings and recommendations.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 13) are adopted in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED on Count One and Count Two only.[1]

3. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless they obtain a travel document for his removal to Iran and until they follow all constitutionally and statutorily required procedures, including seven days' pre-deprivation notice and strict compliance with 8 C.F.R. §§ 241.4(l) and 241.13(i).

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[1] Finding the requested relief warranted on the basis of these claims, the Court declines to address Petitioner's additional claims in favor of judicial economy.